UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LIRIANO,

                Plaintiff,

-v-

MENACHEM OVADIA, ET AL.,

                Defendants.

CIVIL ACTION NO. 23 Civ. 2829 (JAV) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Robert Liriano ("Mr. Liriano") brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq, Articles 6 and 19 of the New York Labor Law, and the New York Codes, Rules, and Regulations, Part 142 for failure to pay him minimum wages, overtime wages, and provide wage statements and notices against Defendants Menachem Ovadia ("Mr. Ovadia") and Mohti and Sigalit Mizrahy (the "Mizrahys"), (together, "Defendants," ECF No. 1). After Defendants' former counsel withdrew and Defendants failed to follow court orders to obtain new counsel (ECF Nos. 34; 37; 42), the Court directed Mr. Liriano to initiate default proceedings, and the Clerk of the Court entered certificates of default ("CoDs") against Defendants. (ECF Nos. 47; 60–62).

Now before the Court is Mr. Liriano's motion for entry of a default judgment. (ECF No. 66 (the "Motion")). The Mizrahys, appearing pro se, filed oppositions to the Motion. (ECF Nos. 73;

74; 81; 82).[1] Mr. Ovadia, appearing through newly obtained counsel, also filed an opposition to the Motion. (ECF No. 75). For the reasons set forth below, the CoDs are hereby VACATED and the Motion is DENIED as moot. On or before **Friday, August 15, 2025**, the parties shall meet and confer and file a proposed case management plan.

## II. BACKGROUND

### A. Factual Background

Mr. Liriano worked as a retail clerk at the Boost Mobile cellphone store ("Boost Mobile") located at 102 Clinton Street, New York, NY from January 2019 to January 2023. (ECF No. 1 ¶¶ 7, 31–32). Mr. Liriano alleges that Defendants "owned and operated" Boost Mobile (Id. ¶¶ 7, 10, 13), although Ms. Mizrahy and Mr. Ovadia claim that they were never involved with Boost Mobile. (ECF Nos. 73 at 1; 75 at 5). Mr. Liriano claims that he worked 58 hours per week, including shifts from 11:00 a.m. to 9:00 p.m. on Monday through Friday, and 11:00 a.m. to 7:00 p.m. on Sunday without uninterrupted meal breaks. (ECF No. 1 ¶¶ 35–39). However, Mr. Mizrahy claims that Mr. Liriano only worked five days per week typically from 11:30 a.m. to 8:00 p.m. (ECF No. 74 at 2). Defendants compensated Mr. Liriano daily in cash at a fixed rate of $120.00 a day from 2019 to 2022 and $180.00 a day from 2022 until January 31, 2023. (ECF No. 1 ¶ 40–41). Mr. Liriano alleges that during the period between 2019 and 2022, he was paid less than the New York State statutory minimum wage rate and that, throughout the entirety of his employment, he was never paid overtime compensation. (Id. ¶¶ 42-43). He also alleges

---

[1] The Mizrahys frame their oppositions as "opposing the order scheduling the default judgment briefing" (ECF Nos. 73–74), but the Court construes these filings as oppositions to the Motion and requests to vacate the CoDs.

that Defendants did not provide him with wage notices or statements indicating his rate of pay. (Id. ¶ 45).

### B. Procedural Background

On April 4, 2023, Mr. Liriano filed the Complaint. (ECF No. 1). On July 25, 2023, David J. Pretter ("Mr. Pretter") appeared as counsel on behalf of all Defendants. (ECF No. 10). Defendants initially sought leave to file a motion to dismiss the Complaint, but on April 17, 2024, instead filed an answer to the Complaint. (ECF Nos. 6; 18; 20). The parties engaged in discovery until December 13, 2024 (ECF Nos. 23–33), when Mr. Pretter moved to withdraw as counsel due to a conflict of interest. (ECF No. 34). On December 16, 2024, the Court set a deadline of January 3, 2025 for Defendants respond to Mr. Pretter's motion to withdraw (which they did not do). (ECF No. 37). The Court also advised Defendants "that, by law, corporations cannot proceed pro se," and that their failure to retain counsel could result in a default judgment against them. (Id.) On January 10, 2025, the Court granted Mr. Pretter's motion to withdraw, stayed the matter for 30 days to allow Defendants to find a new attorney, and again reminded Defendants "that, by law, corporations cannot proceed pro se," and that failure to retain counsel could result in a default judgment against them. (ECF No. 42). On February 24, 2025, Mr. Liriano informed the Court that he anticipated seeking leave to file a motion for default judgment given that no attorney had appeared on behalf of Defendants and Defendants had not sought any extension of time to obtain counsel. (ECF No. 46).

On February 25, 2025, the Court ordered Mr. Liriano to initiate default proceedings. (ECF No. 47), and consequently, the Clerk of the Court entered CoDs against Defendants. (ECF Nos. 60–62). On March 27, 2025, Mr. Liriano filed the Motion accompanied by a damages

calculation. (ECF Nos. 68, 68-2). On May 18 and May 20, 2025, the Mizrahys appeared <u>pro se</u> and filed oppositions to the Motion. (ECF Nos. 73; 74). On May 27, 2025, Mr. Ovadia, through new counsel, filed an opposition to the Motion. (ECF No. 75). On June 16, 2025, Judge Vargas referred the Motion to the undersigned for a report and recommendation. (ECF No. 78). On June 16 and June 30, 2025, the Mizrahys filed letters supplementing their oppositions to clarify their appearance as individuals, not corporations, and their wish to proceed <u>pro se</u> in this action. (ECF Nos. 81; 82). On June 12 and June 17, 2025, the Mizrahys filed Notices of Pro Se Appearance. (ECF Nos. 79; 80)

### III. <u>DISCUSSION</u>

**A.** <u>**Legal Standard**</u>

A party seeking a default judgment must follow the two-step procedure set forth in Federal Rule of Civil Procedure 55. <u>See</u> <u>Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC</u>, 779 F.3d 182, 186 (2d Cir. 2015)[2]; Fed. R. Civ. P. 55. First, under Rule 55(a), where a party has failed to plead or otherwise defend in an action, the Clerk of the Court must enter a certificate of default. <u>See</u> Fed. R. Civ. P. 55(a). Second, after entry of the default, if the party still fails to appear or move to set aside the default, the Court may enter a default judgment. <u>See</u> Fed. R. Civ. P. 55(b). Whether to enter a default judgment lies in the "sound discretion" of the trial court. <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993). Because a default judgment is an "extreme sanction" that courts are to use as a tool of last resort, <u>Meehan v. Snow</u>, 652 F.2d 274, 277 (2d Cir. 1981), the district court must "carefully balance the concern of expeditiously adjudicating cases, on the one hand, against the responsibility of giving

---

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

litigants a chance to be heard, on the other." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (citing Enron, 10 F.3d at 96).

Where, as here, the Clerk of the Court has entered CoDs, but no default has been entered, the Court analyzes whether to vacate the entry of default pursuant to the "good cause" standard under Federal Rule of Civil Procedure 55(c). See Arroyo-Bey v. Modern Orthodontics, No. 23 Civ. 3511 (AT) (OTW), 2024 WL 1604271, at *1 (S.D.N.Y. Apr. 12, 2024). "The standard for setting aside a certificate of default is more lenient than that for vacating a default judgment, but the factors remain the same." Dranitca v. Allied Universal, No. 22 Civ. 5120 (JLR) (SLC), 2024 WL 3454971, at *3 (S.D.N.Y. Jan. 5, 2024). These factors include: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Evans v. New York City Health & Hosps. Corp., No. 21 Civ. 10378 (PAE) (VF), 2022 WL 18587777, at *2 (S.D.N.Y. Nov. 28, 2022), adopted by, 2023 WL 580527 (S.D.N.Y. Jan. 27, 2023); see McInnis USA Inc. v. Aggrecem Mechanical, LLC, No. 21 Civ. 1253 (MKV), 2022 WL 3028980, at *1 (S.D.N.Y. Aug. 1, 2022). The Court may also consider relevant equitable factors, including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp., 10 F.3d at 96. "It is well-established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001).

B. **Application**

Weighing the "good cause" factors under Rule 55(c), we conclude that all three factors weigh in favor of vacating the CoDs and allowing this action to proceed to litigation on the merits.

5

### 1. Willfulness

"A finding of willfulness requires more than mere negligence, more than mere administrative or clerical error, and more than careless or negligent errors." Dranitca, 2024 WL 3454971, at *4 (citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60–61 (2d Cir. 1996)). "[T]he degree of negligence in precipitating a default," however, "is a relevant factor to be considered . . . in determining whether a default judgment should be vacated[.]" Am. Alliance, 92 F.3d at 61. Thus, "[g]ross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief." Id. Willfulness may be found when there is evidence of bad faith, or the default arose "from egregious or deliberate conduct." Id. at 60–61; see also Vedder Price P.C. v. US Cap. Partners, LLC, No. 16 Civ.6787 (JPO), 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017) (finding that defendant's mistake "does not amount to a willful or strategic decision to default"). The "relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default." Ariston Props., LLC v. Messer (In re FKF3, LLC), 501 B.R. 491, 502 (S.D.N.Y. 2013).

Here, not only did Defendants file an Answer in response to the Complaint, but they participated in discovery from May 2024 until December 2024 while represented by Mr. Pretter. (See ECF Nos. 21–33). Not until Mr. Pretter withdrew did Defendants' defense of this action temporarily halt by their failure to respond to orders to retain new counsel or request additional time to do so. (See ECF Nos. 37; 42).

Defendants also filed oppositions to the Motion. (ECF Nos. 73–75; 81–82). The Mizrahys explain that they did not willfully default as they attempted to secure counsel to represent them after Mr. Pretter withdrew, but they were unable to do so within the time allowed by the Court.

(ECF Nos. 73 at 1–2; 74 at 1–2). The Mizrahys add that the counsel they attempted to retain decided to represent Mr. Ovadia only, and therefore, their failure to respond to the Court's orders was due to confusion about the procedural posture of the case. (ECF Nos. 73 at 1; 74 at 1). Although the Court twice warned Defendants that corporations cannot proceed pro se (ECF Nos. 37; 42), that warning was in error, because none of the Defendants are corporations. (See ECF Nos. 1 ¶¶ 6–14; 81; 82). Therefore, the Mizrahys may represent themselves going forward. Accordingly, the circumstances surrounding the Mizrahys' default were not willful, but at most negligent. See Castillo v. Z Deli Grocery V Corp, No. 21 Civ. 1744 (GBD) (JW), 2025 WL 763994, at *2 (S.D.N.Y. Jan. 27, 2025) (finding that pro se defendants, who lacked specific knowledge causing them to make mistakes and eventually default, did not display willful conduct).

Furthermore, Mr. Ovadia explains that he "was not able to find a lawyer in time," and that his failure to respond to the Court's orders "was a result of a reasonable mistake."[3] (ECF No. 75 at 4). Given that Mr. Ovadia obtained counsel and opposed the Motion, the Court is convinced by his explanation that he did not willfully default. See Vedder Price, 2017 WL 4180021, at *3 (finding no willfulness where defendant filed notice of appearance two weeks after entry of certificate of default); see also Manz v. Rest. Los Tacos No. 1, No. 24 Civ. 7457 (DEH), 2025 WL 1541057, at *2 (S.D.N.Y. May 30, 2025) (concluding that defendant's default was not willful where defendant failed to timely respond to the complaint but subsequently appeared via counsel to file an answer and oppose motion for default judgment).

---

[3] Because Mr. Liriano never filed an Amended Complaint, the Court interprets Mr. Ovadia to mean that his failure to respond to court orders was a "reasonable mistake."

Based on the Defendants' actions in this case, the Court finds that their default was not willful.

### 2. Prejudice

Vacatur of default is considered prejudicial if it results in "tangible harm beyond mere delay." McInnis, 2022 WL 3028980, at *2; see also Manz, 2025 WL 1541057, at *2. Instead, the party opposing vacatur must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Manz, 2025 WL 1541057, at *2 (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). Here, Mr. Liriano has not asserted any prejudice if the CoDs are vacated. The Mizrahys claim that their actions have not prejudiced Mr. Liriano by any significant delay, and they are prepared to defend themselves on the merits. (ECF Nos. 73 at 2; 74 at 2). Mr. Ovadia also argues that Mr. Liriano has not been prejudiced because the "Clerk has not yet entered any default but only noted default," and that there is no evidence that Mr. Liriano will be unable to pursue his claims against Defendants if the Motion is denied. (ECF No. 75 at 5).

Here, the Court agrees while there has been some delay, it is not material, and Mr. Liriano has not been prejudiced. The Court stayed this action for a period of 30 days to give Defendants time to obtain new attorneys (ECF No. 42), and although Defendants failed to timely obtain counsel after the withdrawal of Mr. Pretter, Defendants have all appeared to oppose the Motion. Furthermore, because the Mizrahys are individuals, they are not required to obtain counsel to represent them in this action. Given the "preference that litigation be solved on the merits, not by default," Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), coupled with Defendants' readiness to proceed on the merits, the Court finds that vacatur of the default would not prejudice Mr. Liriano.

### 3. **Meritorious Defense**

"Because there is no finding of willfulness or prejudice to [Mr. Liriano], the Court need not decide whether Defendant[s] present[] any meritorious defenses." Manz, 2025 WL 1541057, at *1. Nevertheless, the Court concludes that Defendants meet the threshold of presenting meritorious defenses.

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Am. Alliance Ins., 92 F.3d at 61. "While a defendant must do more than offer conclusory assertions or dispute the amount of damages, the bar for such a showing is not high: a defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." Carrasco v. Acropol Rest. Corp., No. 18 Civ. 7883 (OTW), 2019 WL 2325556, at *3 (S.D.N.Y. May 31, 2019); see Acevedo v. Cool Power, LLC, No. 14 Civ. 253 (JS) (AKT), 2015 WL 1014392, at *11 (E.D.N.Y. Mar. 9, 2015) (explaining that "defaulting defendant must show some evidence beyond conclusory denials of the allegations set forth in the [c]omplaint"). "The question at this stage is not whether the Court finds Defendants' arguments to be credible but rather whether Defendants have presented sufficient evidence that, if true, they would prevail and therefore are entitled to have the case resolved on the merits." NAVCAN.DC, Inc. v. Rinde, No. 23 Civ. 2267 (LGS) (JW), 2024 WL 3305439, at *4 (S.D.N.Y. Apr. 23, 2024), adopted by, 2024 WL 3992395 (S.D.N.Y. Aug. 29, 2024).

Here, Ms. Mizrahy and Mr. Ovadia deny any involvement with Boost Mobile. (ECF Nos. 73 at 1; 75 at 5). If Ms. Mizrahy and Mr. Ovadia can prove this allegation at trial, they may not be liable at all. Mr. Mizrahy claims that Mr. Liriano "was salaried, worked only five days per week from 11:30 AM to 8:00 PM . . . and regularly left early on Fridays, yet still received his full salary

on Friday." (ECF No. 74 at 2). Therefore, Mr. Mizrahy presents at least some evidence to counter Mr. Liriano's claim for overtime pay. Furthermore, the Defendants asserted twenty-nine affirmative defenses in their Answer (ECF No. 20 at 11–15), one of which states that "this action is barred to the extent Plaintiff seeks recovery for time that is not compensable time. . . under the FLSA." (Id. at 13). Defendants' assertions in their oppositions along with their affirmative defenses in the Answer exceed "the low threshold of adequacy for Rule 55 purposes," Meehan, 652 F.2d at 277, and weigh in favor of finding "good cause" to vacate the entry of default. See NAVCAN.DC, 2024 WL 3305439, at *4 (finding that defendants' affirmative defenses met the "low threshold for sufficiently showing a meritorious defense").

Accordingly, all three good cause factors weigh in favor of vacating the CoDs and, thus, denying the Motion as moot.

## IV. CONCLUSION

For the reasons set forth above, the certificates of default are VACATED and the Motion is accordingly DENIED as moot. On or before **Friday August 15, 2025**, the parties shall meet and confer and file a proposed case management plan. A template is available at https://www.nysd.uscourts.gov/hon-sarah-l-cave.

Dated:     New York, New York
           August 5, 2025

                                             SO ORDERED.

                                             _____
                                             SARAH L. CAVE
                                             **United States Magistrate Judge**