UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LIRIANO,

                      Plaintiff,

     -v-

MENACHEM OVADIA, <u>et al.</u>,

                    Defendants.

CIVIL ACTION NO. 23 Civ. 2829(SLC)

**<u>ORDER APPROVING SETTLEMENT</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (Dkt. No. 114) and have now submitted a joint Letter-Motion in support of settlement (Dkt. No. 113 (the "Motion")) and proposed settlement agreement (Dkt. No. 113-1 (the "Agreement")) for approval under <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  <u>Souza v. 65 St. Marks Bistro</u>, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  In addition, Plaintiff has expressed material concerns about collectability and has agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); <u>see also</u> <u>Hart v. RCI Hosp. Holdings, Inc.</u>, No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment"

supported approval of settlement agreement, which "guarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in several conferences that led to the settlement (Dkt. Nos. 95; 107; 108; Dkt. entries dated Jan. 27, 2026, Apr. 14, 2026), the Court finds that the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiff's engagement letter with counsel (Dkt. No. 116-1), and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiff was "fair to [P]laintiff and reasonable at the time it was made[,]" Puerto v. Happy Life Home Health Agency Inc., 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023), and (ii) reviewed Plaintiff's counsel's billing records (Dkt. No. 113-3), from which the Court has determined that the hourly rate and hours expended were both reasonable.  See Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022). Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close Dkt. No. 113, mark it as "granted," and close this case.  By **November 1, 2026**, the parties shall notify the Court that the payment schedule under the Agreement has been completed and file the Stipulation of Dismissal for the Court's signature.  (Dkt. Nos. 113-1 ¶ 6; 116-2).

Dated:     New York, New York
           May 18, 2026

SO ORDERED

SARAH L. CAVE
**United States Magistrate Judge**

3